Filed 7/16/15  P. v. Grimaldo CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E062410 |
| v. | (Super.Ct.No. FVI1401572) |
| RICARDO GRIMALDO, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  John M. Tomberlin, Judge.  Affirmed.

Gregory L. Cannon, under appointment by the Court of Appeal, and Ricardo Grimaldo, in pro. per., for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

On October 2, 2014, a jury found defendant and appellant Ricardo Grimaldo guilty of one count of sexual intercourse with a child under the age of 10 (Pen. Code, § 288.7,

subd. (a); count 1);[1] one count of sodomy with a child under the age of 10 (§ 288.7, subd. (a); count 2); one count of oral copulation with a child under the age of 10 (§ 288.7, subd. (b); count 3); and two counts of sexual penetration with a child under the age of 10 (§ 288.7, subd. (b); counts 4 & 5). As a result, defendant was sentenced to a total term of 95 years to life in state prison with credit for time served as follows: two consecutive terms of 25 years to life on counts 1 and 2, plus three consecutive terms of 15 years to life on counts 3, 4, and 5. Defendant appeals from the judgment. We find no error and will affirm the judgment.

I

FACTUAL AND PROCEDURAL BACKGROUND

Between approximately October 2012 and February 2014, defendant lived in a four-bedroom house with his girlfriend and her daughter, another unrelated adult male, and the owner of the home and her three children. Defendant and his girlfriend occupied one bedroom while defendant's girlfriend's daughter stayed in a second bedroom, the adult male stayed in a third bedroom, and the owner of the house and her three children occupied the master bedroom.

Jane Doe, who was nine years old at the time of trial, testified that on one occasion defendant told her to go into his bedroom and lie on the bed. Defendant accompanied Jane into the bedroom, closed the door, and then pulled her shirt up and began kissing Jane's stomach, breasts, knees, mouth, and neck. Defendant also pulled down Jane's

---

[1] All future statutory references are to the Penal Code unless otherwise stated.

2

pants and penetrated her vagina and buttocks with his fingers. Jane further testified that on other occasions defendant penetrated her vagina and buttocks with his penis; that he licked her vagina; that he touched and kissed her breasts; and that he ejaculated in her vagina and buttocks. Jane described the ejaculation as feeling "like slime" and "greasy."

Jane stated that defendant had molested her a lot of times on many different days in various locations in the home. However, the abuse occurred mostly in defendant's bedroom while his girlfriend was at work. Jane also testified that after defendant molested her, defendant always told her not to tell anyone. Jane eventually disclosed the molestations to her mother on February 21, 2014. After Jane's mother confronted defendant with the allegations, defendant packed his belongings and left the home.

San Bernardino County Sheriff's Detective Charles Phillips made contact with defendant at his place of employment on March 21, 2014. After informing defendant that he was conducting an investigation into the allegations made against him by Jane, defendant stated that he understood and accompanied Detective Phillips to the police station, riding in the front seat of the detective's vehicle. Defendant stated that he planned to turn himself in to authorities after he returned from Mexico; that when he reentered the United States he turned himself in to the authorities because he was a child molester; and that the authorities had released him and told him to contact local authorities when no warrants for his arrest were found during a warrant check. Defendant further stated that he began to cry when Jane's mother confronted him about the allegations and that he felt badly about what had happened. Defendant initially

3

denied the allegations but eventually admitted that he had put his penis in Jane's vagina, but claimed to do so only from the side.[2] Defendant also admitted penetrating Jane's buttocks with his finger on three occasions on the same day but denied penile penetration. Defendant agreed that he had molested Jane one time in the buttocks and one time in the vagina, but denied actual penetration as well as ejaculation.

Defendant ultimately told Detective Phillips that he had first molested Jane in the kitchen, penetrating her buttocks with his finger. The second incident occurred in defendant's bedroom where defendant digitally penetrated Jane's vagina and buttocks two or three times and orally copulated Jane. Defendant agreed that he had pulled Jane's pants down and penetrated her buttocks with his penis, but also denied that he had actually penetrated her buttocks. Defendant eventually admitted that he had penetrated Jane but had immediately pulled out because he had not meant to penetrate Jane.

Defendant testified on his own behalf. He stated that he had tried to turn himself in to border patrol agents when he returned from Mexico because someone was looking for him, claiming he was a child molester. Defendant testified that he had molested Jane twice—once in his bedroom and once in the kitchen. He believed that all of the molestations occurred within the span of a month and admitted to digitally penetrating Jane's buttocks in the kitchen and orally copulating Jane in his bedroom. Defendant denied touching and penetrating Jane's vagina during the bedroom incident but later

---

[2] Defendant's interview with Detective Phillips was video recorded and the video was played for the jury at the time of trial. A transcript of the interview was also distributed to the jury and admitted at trial.

4

admitted to touching Jane's vagina.  Defendant admitted to digitally penetrating Jane's buttocks.  Defendant denied ever penetrating Jane's vagina with his penis and claimed that he was lying when he told Detective Phillips that his penis had penetrated Jane's vagina because the detective was pressuring him.  Defendant also denied that he had penetrated Jane's buttocks with his penis and that when he spoke with Detective Phillips he was referring to the cheeks of Jane's buttocks.  Defendant further claimed that his English was not very good; that there were many times during the interview that he did not know the English word he was trying to say; and that he needed an interpreter during the interview.

On August 8, 2014, an information was filed charging defendant with one count of sexual intercourse with a child 10 years old or younger (§ 288.7, subd. (a); count 1); one count of sodomy with a child 10 years old or younger (§ 288.7, subd. (a); count 2); one count of oral copulation with a child 10 years old or younger (§ 288.7, subd. (b); count 3); and two counts of sexual penetration with a child 10 years old or younger (§ 288.7, subd. (b); counts 4 & 5).  Following trial, on October 2, 2014, the jury found defendant guilty as charged.

On November 21, 2014, the trial court sentenced defendant to a total term of 95 years to life in state prison with a credit of 237 days for time served as follows:  two consecutive terms of 25 years to life on counts 1 and 2, plus three consecutive terms of 15 years to life on counts 3, 4, and 5.

On November 24, 2014, defendant filed a timely notice of appeal.

II

DISCUSSION

After defendant appealed, upon his request, this court appointed counsel to represent him on appeal. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of the case, a summary of the facts and potential arguable issues, and requesting this court conduct an independent review of the record.

We offered defendant an opportunity to file a personal supplemental brief, and he has done so. In his four page supplemental brief, defendant generally asserts that there were "many mistakes made by officers and investigators, [and] District Attorneys, such as interrogations without having read the accused his constitutional rights . . . and questioning without the presence of a lawyer." Defendant generally asserts that his constitutional rights to due process and equal protection were violated. He further argues that his appellate attorney provided him with ineffective assistance of counsel because counsel abandoned the appeal, "refused to listen to appellant and to appellant's wife" regarding the actual facts of the allegations, and treated him in an unprofessional manner. Defendant requests dismissal of his appointed appellate counsel and that he be "assigned an attorney who is really interested in working and carrying out the legal process" as the constitution guarantees.

Following a thorough review of the record, we reject defendant's general assertions that his constitutional rights were violated. The record fails to support his claims.

In addition, we reject defendant's claim that he was denied effective assistance of appellate counsel. Defendants have a constitutional right to effective counsel in criminal cases. (*Gideon v. Wainwright* (1963) 372 U.S. 335.) The burden is on the defendant to prove he received ineffective assistance of counsel. To do so, the defendant must show counsel failed "to act in a manner to be expected of reasonably competent attorneys acting as diligent advocates," (*People v. Pope* (1979) 23 Cal.3d 412, 425, overruled on other grounds in *People v. Berryman* (1993) 6 Cal.4th 1048, 1081, fn. 10, which was overruled on other grounds in *People v. Hill* (1998) 17 Cal.4th 800, 823, fn. 1) and that counsel's acts or omissions prejudiced defendant. (*Strickland v. Washington* (1984) 466 U.S. 668, 687-688, 691-692.) Failure of "appellate counsel to raise crucial assignments of error, which arguably might have resulted in a reversal" deprives an appellant of effective assistance of appellate counsel. (*In re Smith* (1970) 3 Cal.3d 192, 202.)

We have reviewed the entire record for potential error pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106 and *People v. Wende*, *supra*, 25 Cal.3d 436, including the possible issue referred to pursuant to *Anders v. California*, *supra*, 386 U.S. 738, and find no reasonably arguable appellate issue or any arguable error that would result in a disposition more favorable to defendant. Competent counsel has represented defendant on this appeal.

## III

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ  
                                                               P. J.

We concur:

McKINSTER  
                  J.

MILLER  
                  J.